## Merriweather v. Kain

*Joseph W. Chapein Jr.,* for plaintiff.
*Nancy J. Leddy,* for defendant.

FIELD, *J.,* November 10, 1998—Plaintiff, Bernard Merriweather, appeals from this court's denial of his post-trial motion seeking a new trial. For the reasons below the post-trial motion was properly denied, and the summary judgment granted in favor of the defendant on March 5, 1998, should be affirmed.

A jury trial commenced in this matter on March 3, 1998. This matter arises from a motor vehicle accident which occurred on January 20, 1993, in which the plain-

tiff, Bernard Merriweather, suffered injuries. At the close of the plaintiff's case, summary judgment was granted in favor of the defendant, because the plaintiff failed to present evidence of a sufficiently serious injury which would permit the plaintiff to proceed under the limited tort option elected by him.

Under the Pennsylvania Motor Vehicle Financial Responsibility Law 75 Pa.C.S. §1701 et seq., each person seeking insurance must elect either "full tort" or "limited tort" coverage, the latter being less expensive. Section 1705(d) of the Act provides:

"(d) Limited tort alternative.—Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss . . . ." 75 Pa.C.S. §1705(d).

Serious injury is defined as "A personal injury resulting in death, *serious impairment of bodily function* or permanent serious disfigurement." 75 Pa.C.S. §1702. (emphasis added) Hence under the limited tort option a claimant must show more than an impairment of bodily function; the impairment must be "serious."

At trial, the defendant relied on *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995), for the proposition that a determination regarding the seriousness of a limited tort elector's injuries must initially be made by the trial court judge. The Pennsylvania Supreme Court has addressed this precise issue very recently, in *Washington v. Baxter,* 719 A.2d 733 (Pa. 1998). In *Washington,* the court modified *Dodson,* holding that while it is normally a jury question as to whether

an injury fits the definition above, where, in viewing the evidence in the light most favorable to the plaintiff, reasonable minds cannot differ, it is incumbent upon the trial court to take the question from the jury.

Mr. Washington had suffered a cervical strain or sprain, cuts, contusions, and an injury to his foot. Immediately following his accident, he was unable to work at his full-time job for four to five days. He also missed work at his secondary, part-time job for approximately one month. Five months after his accident, he was still suffering from his foot injury which his doctor treated with cortisone and orthotic supports in his shoes. As of one year after his accident, Mr. Washington had occasional pain and swelling in his foot, but had worked throughout this period without interruption. His main lifestyle adjustment was that he had to use a riding lawn mower rather than one he had to manually push. The Supreme Court held that reasonable minds could not differ that such limitations did not constitute a serious impairment of a bodily function and that the trial court had properly taken the case from the jury.

In the instant matter, Mr. Merriweather testified that immediately after the accident he suffered from headaches, neck pain and back pain. During the following year, he limited his athletic activities. In addition, he stated that his job as a behavior treatment specialist called on him to physically restrain patients at times, and that this task was now more difficult. He then switched jobs and became a drug and alcohol treatment counselor which, he testified, he had always wanted to be. His chiropractor testified that Mr. Merriweather stopped his treatment approximately eight months after the accident. The plaintiff testified that as of the time of trial he had occasional aches and pains and was still less active in sports than he was before the accident.

Viewing all the evidence in the light most favorable to the plaintiff, the trial court found that such complaints could not constitute serious impairment of a bodily function under the MVFRL. In consideration of *Washington*, the defense motion was properly granted.

Plaintiff also argues that the trial court improperly limited the testimony of plaintiff's chiropractor, Michael Tancredi D.C. Plaintiff's counsel asked Dr. Tancredi whether plaintiff's condition constituted a "serious impairment of a body function." Defense counsel objected on the basis that such an opinion was outside the scope of Dr. Tancredi's report. After review of the report, the court agreed. The question was withdrawn and plaintiff's counsel went on with his direct examination. Even if Dr. Tancredi had been allowed to answer, and had done so in the affirmative, the plaintiff's own testimony would have dictated the same outcome. No error occurred.

For all of the above reasons, the judgment entered on March 5, 1998, should be affirmed.